IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE DOELLING                                                                          PLAINTIFF

vs.                                          Civil No. 4:14-cv-04021

CAROLYN W. COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Joe Doelling ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O.

Hickey referred this case to this Court for the purpose of making a report and recommendation.  In

accordance with that referral, and after reviewing the arguments of counsel, this Court recommends

Plaintiff's case be **REVERSED AND REMANDED.**

1.     **Background:**

Plaintiff protectively filed his disability applications on April 13, 2011.  (Tr. 179-195).[1]  In

his applications, Plaintiff alleges he is disabled due to bad back, bone spurs in shoulders, carpal

tunnel syndrome, and depression.  (Tr. 179, 189, 208, 283).  Plaintiff alleges an onset date of

February 15, 2011.  (Tr. 179, 189).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

reconsideration.  (Tr. 61-67, 71-75).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 76-77).  An administrative hearing was held on August 20, 2012.  (Tr. 26-49).  Plaintiff was present and was represented by Michael Angel at this hearing.  *Id.*  Plaintiff, Medical Expert ("ME") John Moore, Psychological Expert (PE) Albert Smith, and Vocational Expert ("VE") Russell Bowden testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education.  (Tr. 29).

On September 12, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications.  (Tr. 10-19).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015.  (Tr. 12, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 15, 2011, his alleged onset date.  (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of chronic back pain, status post carpal tunnel release, and right shoulder surgery.  (Tr. 12, Finding 3).  The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  (Tr. 14, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 15-17, Finding 5).  In making this determination, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined they were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work, except that on the left side, Plaintiff can only perform fine and gross

2

movements frequently.  (Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff capable of performing his PRW as a barber.  (Tr. 17-18, Finding 6).  Because Plaintiff retained the capacity to perform his PRW, the ALJ determined he had not been under a disability as defined by the Act from February 15, 2011 through the date of his decision.  (Tr. 19, Finding 7).

Thereafter, on November 19, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 6).  On November 26, 2013, the Appeals Council declined to review the unfavorable decision.  (Tr. 1-5).  On January 23, 2014, Plaintiff filed the present appeal. ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 12, 13.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

4

3.    **Discussion:**

In his appeal brief, Plaintiff claims the ALJ improperly considered his severe impairments. ECF No. 12 at 7-11.  In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'"  *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).  *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff only had the severe impairments of chronic back pain, status post carpal tunnel release, and right shoulder surgery.  (Tr. 12, Finding 3). The ALJ did not find Plaintiff's alleged mental impairment as severe impairments.  *Id.*  Plaintiff's medical records, however, demonstrate his mental condition is severe and meets the *de minimis*

standard for a severe impairment.

The medical record shows Plaintiff has been diagnosed with Bipolar II Disorder; Major Depressive Disorder; Personality Disorder, NOS; Cognitive Disorder, NOS; and Pain Disorder. (Tr. 471-472). Plaintiff was evaluated by Dr. Stephen Swender on July 22, 2011. (Tr. 467-472). Dr. Swender indicated Plaintiff was prone to extreme thinking, implusivity, self-injurious behavior, and suicidal gestures. *Id.* Dr. Swender also found Plaintiff had some concentration and transient short-term memory problems, but more significantly, a disinhibition of emotional expression and regulation that has a further negative impact on his mood and personality issues. *Id.* Finally, Dr. Swender stated Plaintiff's current GAF score was 45 which indicates serious symptoms or serious impairment in social, occupational, and/or school functioning. *Id.* In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's GAF score in determining whether that claimant is disabled due to the claimed mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

Plaintiff also underwent a Psychiatric Review Technique by Dr. Jerry Henderson. (Tr. 483-495). Dr. Henderson indicated Plaintiff had a mild limitation in daily activities and moderate limitations in maintaining social functioning and in maintaining concentration, persistence and pace. (Tr. 493).

While these medical records alone might not establish that Plaintiff is *disabled* due to his mental impairment, these records do provide sufficient evidence to satisfy the low or *de minimis* standard for a severe impairment. *See Nicola v. Astrue,* 480 F.3d at 887. Because Plaintiff's medical records establish he suffers from a severe mental impairment and because the ALJ erred by not finding this as a severe impairment, this case must be reversed and remanded.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 20th day of October 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE